UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN JOE BRUNSON,<br><br>                Petitioner,<br><br>    v.<br><br>JEFFREY A. UTTECHT,<br><br>                Respondent. | NO. C14-1267-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

### I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, a state prisoner who is proceeding *pro se* and *in forma pauperis* in this habeas corpus action pursuant to 28 U.S.C. § 2254, alleges that he was sanctioned a total of 1,395 days of good conduct time without due process of law and seeks reinstatement of those credits. Respondent has filed an answer, a supplemental brief as directed by the Court, and relevant portions of the state court record. Among other things, respondent argues that petitioner's habeas petition should be denied because he did not properly exhaust his state remedies. Dkt. 20. Petitioner filed a brief in response to respondent's supplemental brief, but he did not address respondent's exhaustion argument. Dkt. 23.

Having carefully reviewed the petition, the parties' briefs, the state court record, and the balance of the record, the Court concludes that petitioner's federal habeas petition should

REPORT AND RECOMMENDATION - 1

be DENIED, and this action should be DISMISSED with prejudice. The Court also concludes that a certificate of appealability should be DENIED.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is in state custody pursuant to a 1998 judgment and sentence for four counts of first degree robbery and one count of taking a motor vehicle without permission. Dkt. 17, Ex. 1. The early release date on his current sentence is in August 2016. *Id.*, Ex. 2 at 4. This date reflects that petitioner did not earn approximately 340 days and lost 1,395 days good conduct time. *See id.*, Ex. 3 at 1.

On August 2, 2012, petitioner filed a personal restraint petition in the Washington Court of Appeals. *Id.*, Ex. 4. He alleged that his good conduct time was revoked without due process. *Id.* On November 9, 2012, the Court of Appeals dismissed the petition, concluding, "Not only has Brunson failed to produce competent admissible evidence to demonstrate that he had received any particular number of jail time credits, he also fails to produce any evidence that he did not receive due process in any particular disciplinary proceeding in prison." *Id.*, Ex. 5 at 1-2.

On March 3, 2014, petitioner filed a second personal restraint petition in the Washington Supreme Court challenging the loss of good time credits. *Id.*, Ex. 7. The same day, the Washington Supreme Court transferred the petition to the Court of Appeals. *Id.*, Ex. 8. On July 21, 2014, the Court of Appeals dismissed the petition, reiterating its previous conclusion that petitioner did not establish any error or violation of his due process rights. *Id.*, Ex. 3.

## III. GROUNDS FOR RELIEF

Petitioner identifies two grounds for relief in his petition for writ of habeas corpus, which may be stated as follows:

REPORT AND RECOMMENDATION - 2

    (1)    Petitioner's due process rights were violated when, between 1998 and 20123, he was sanctioned a total of 1,395 days good conduct time.

    (2)    Petitioner has a due process right to restoration of 1,395 days of lost good conduct time.

*See* Dkt. 7.

## IV.    EVIDENTIARY HEARING

The Court finds that petitioner's claims can be resolved by reference to the state court record. Therefore, an evidentiary hearing is not necessary. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record.").

## V.    DISCUSSION

Respondent argues, among other things, that petitioner's habeas petition should be denied because he failed to exhaust is state remedies and his federal habeas claims are now procedurally barred. *See* Dkt. 20. For the reasons discussed below, the Court agrees.

A.    <u>Petitioner did not properly exhaust his state remedies</u>

The exhaustion doctrine requires a petitioner to provide the state courts with the opportunity to rule on his federal habeas claims before presenting those claims to the federal courts. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). This includes apprising the state court that an alleged error is not only a violation of state law, but also a violation of the United States Constitution. *Duncan*, 513 U.S. at 365-66. Vague references to broad constitutional principles

REPORT AND RECOMMENDATION - 3

such as due process are not enough. *Gray v. Netherland*, 518 U.S. 152, 163 (1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Instead, a petitioner must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. *Gray*, 518 U.S. at 162-63.

As respondent argues, although petitioner presented his claims to both the state appellate and supreme courts, he did not alert the courts that his claims were federal in nature. In his first personal restraint petition to the Washington Court of Appeals, petitioner generally alleged that his good conduct time was revoked without due process, but he does not specifically reference any federal constitutional guarantee. *See* Dkt. 17, Ex. 4. Similarly, in his second personal restraint petition to the Washington Supreme Court, he failed to reference any federal constitutional guarantee, instead citing exclusively to state law. *See id.*, Ex. 7. Petitioner's general references to due process were not sufficient to fairly present his federal constitutional claims to the state courts. Accordingly, petitioner failed to properly exhaust his grounds for relief.

B. <u>Petitioner's claims are procedurally defaulted</u>

Normally, a court dismisses an unexhausted petition without prejudice so that a petitioner may return to state court and exhaust his claims. But when a petitioner is precluded from returning to state court based on a state procedural bar, his federal habeas claims are procedurally defaulted. *Coleman*, 501 U.S. at 735 n. 1. In this case, petitioner's federal habeas claims are procedurally defaulted because he would be barred from presenting these claims to the state courts under RCW 10.73.140 and Washington Rule of Appellate Procedure 16.4(d), both of which preclude a person from filing a successive personal restraint petition.

REPORT AND RECOMMENDATION - 4

C.      <u>Petitioner has not established cause and prejudice</u>

When, as here, a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray*, 477 U.S. at 495-96.

Petitioner fails to demonstrate that any factor external to the defense prevented him from complying with the state's procedural rules and, thus, he has not demonstrated cause for his procedural default. Because petitioner has not met his burden of demonstrating cause for his procedural default, the Court need not determine whether there was any actual prejudice. *See Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). In addition, petitioner makes no showing of actual innocence. Petitioner therefore fails to demonstrate that his procedurally defaulted claims are eligible for federal habeas review. Accordingly, petitioner's habeas petition should be denied.

REPORT AND RECOMMENDATION - 5

## VI. CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in this action. Thus, a certificate of appealability should be denied.

## VII. CONCLUSION

For the reasons set forth above, the Court recommends that petitioner's petition for writ of habeas corpus be DENIED and this action be DISMISSED with prejudice. The Court further recommends that a certificate of appealability be denied with respect to all claims asserted in this action. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 7, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 10, 2015.**

1  This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
2 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3 assigned District Judge acts on this Report and Recommendation.
4  Dated this 17th day of March, 2015.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7