THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN JOE BRUNSON,

Plaintiff,

v.

JEFFREY A. UTTECHT,

Defendant.

CASE NO. C14-1267-JCC

ORDER OF DISMISSAL

The Court, having reviewed the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, (Dkt. No. 24), the parties' briefing, and the relevant record, finds and ORDERS as follows:

1.      The Court ADOPTS the Report and Recommendation in part with respect to exhaustion, and concludes that Petitioner did not adequately exhaust all available state remedies by failing to "fairly present" his federal constitutional claims to the state courts.

2.      The Court DECLINES TO ADOPT the Report and Recommendation in part with respect to federal procedural default, and concludes that Petitioner may not be procedurally barred from bringing his habeas claim in Washington state courts. Petitioner may be able to show "good cause" for his previous failure to follow state procedures, as well as actual prejudice as the result of the alleged violation of the Constitution. A "good cause" finding has two prongs: cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To meet the "cause" prong, a

petitioner must show that some "objective factor external to the defense prevented him from complying with the state's procedural rule." *Id.* at 753. Objective external factors include "a showing that the *factual or legal basis for a claim was not reasonably available to counsel* . . . or that 'some interference by officials,' . . . made compliance impracticable." *Strickler v. Greene*, 527 U.S. 263, 283 (1999) (emphasis added) (internal citations omitted). To meet the "prejudice" prong a petitioner must show "actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Further, Petitioner has a constitutionally protected liberty interest his in good time credits which entitles him to minimum procedural due process. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *In re Pers. Restraint of Gronquist*, 138 Wn.2d 388, 397 (1999) (holding that under Washington law "[a] prisoner's statutory right to earn good time credits is a 'protected liberty interest in those credits which prevents their deprivation absent observation of minimum due process requirements'").

Petitioner's state habeas petitions were dismissed due to lack of evidence. Respondent has now made additional evidence available upon the magistrate judge's request that may support Petitioner's due process claim. (Dkt. Nos. 17 & 21.) The question of whether the infraction proceedings provided constitutionally adequate due process has been left unanswered after three habeas petitions. The merits of Petitioner's due process habeas claim should be heard.

3.      The habeas petition is DENIED and this case is DISMISSED without prejudice.

4.      In accordance with Rule 11 of the Rules Governing § 2254 cases in the district courts, a certificate of appealability is DENIED with respect to the grounds asserted by petitioner in his habeas petition.

5.      The Clerk shall send a copy of this Order to the parties and to Judge Donohue.

//

//

1     DATED this 28th day of April 2015.

2

3

4

5

6

7

8                                        John C. Coughenour
                                          UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER OF DISMISSAL
PAGE - 3